IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABBAS BEN AFSHARI, (an Individual), )<br>)<br>) | |
| Plaintiff, )<br>) | Case No. CV-04-272-E-BLW |
| ) | **ORDER** |
| v. )<br>) | |
| TROPHY TAKER, INC., )<br>) | |
| Defendant. )<br>) | |

Currently pending before the Court is Defendant's Motion to Enforce Settlement Agreement or, in the Alternative, to Vacate Entry of Default Pursuant to Fed. R. Civ. P. 55(c) (Docket Nos. 19 and 21). In the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve this motion without a hearing. Therefore, having carefully reviewed the record, the Court enters the following Order.

## BACKGROUND

On June 3, 2004, Plaintiff filed a Complaint alleging infringement of Patent No. 6,725,854 B1 ( "the '854 patent") entitled "illuminated sight pin." He alleged that Defendant had manufactured, used, and/or sold, or offered for sale bow sights

that infringed on the '854 patent and was continuing to do so. Plaintiff sought a judgment that Defendant had infringed on the '854 patent; an injunction against further infringement; judgment that the infringement had been willful and deliberate; and judgment for damages, including treble damages, with interest; and costs and attorney fees. The Complaint was not served on Defendant until September 22, 2004.

On October 19, 2004, Plaintiff filed a stipulated motion, which the Court granted, to extend the time for filing Defendant's answer until December 18, 2004, on the grounds that the parties were engaged in ongoing settlement negotiations. There was no further activity in the case other than changes of counsel for each party. After being notified on October 21, 2005, that the action would be dismissed for lack of prosecution, Plaintiff filed a Motion to Retain on the grounds that the parties were still finalizing a settlement agreement which they expected would be completed within sixty days.

On June 6, 2006, Plaintiff filed a Notice of Intent to Take Default followed by a Motion for Entry of Default eight months later on February 7, 2007. In the motion, Plaintiff stated that although the parties had entered into a settlement agreement, Defendant had defaulted by stopping payment on a check that was partial payment of agreed damages and royalties. The Clerk of Court filed an

**Order - 2**

Entry of Default on February 21, 2007.  Defendant thereafter filed the pending motion to enforce the Settlement Agreement or to set aside the entry of default.  Defendant contends that it had good cause to default and has attempted to cure the default, has diligently acted to set aside entry of default, and has meritorious defenses and counterclaims.

In its proposed Answer submitted with the pending Motion, Defendant denies the allegations of infringement, challenges the validity of the '854 patent, asserts laches and estoppel, and alleges Plaintiff's claims are barred by the Settlement Agreement and Release and the accompanying License Agreement.  In the proposed Counterclaim, Defendant alleges breach of the Settlement Agreement and Release and breach of the License Agreement.[1]  Plaintiff opposes the motion arguing that Defendant's own culpable conduct of breaching without notifying or consulting with counsel caused default to be entered.  Finally, Defendant replies that its counsel notified Plaintiff's counsel on February 15, 2007, prior to entry of default, that a new check was being forwarded.  However, Plaintiff refused to accept the check.

## DISCUSSION

---

[1] The Court notes that the proposed Answer and Counterclaim submitted with the pending Motion were actually inadvertently filed rather than simply attached to the Motion or supporting Memorandum of Points and Authorities.

Order - 3

### A. Preliminary Statement

Given the procedural posture of this case, the Court will not consider that portion of Defendant's motion seeking to enforce the Settlement Agreement. Although Defendant proposes to file an answer asserting the Settlement Agreement as an affirmative defense and a counterclaim alleging breach of the Settlement Agreement and License Agreement, those agreements are not before the Court for enforcement purposes unless and until the Court permits the proposed answer and counterclaim to be filed. The Court will consider the agreements only as they relate to the motion to set aside entry of default.

### B. Entry of Default

When a plaintiff files an affidavit indicating that a party against whom a judgment is sought has failed to plead or otherwise defend an action, the clerk of court shall enter that party's default. Fed. R. Civ. P. 55(a). When a plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the plaintiff may request the Clerk to enter judgment, and the Clerk may do so, for the amount set forth in plaintiff's affidavit together with costs. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for default judgment. Fed. R. Civ. P. 55(b)(2). The Court may conduct a hearing, if necessary, to determine the amount of damages, to take evidence to

Order - 4

establish the truth of the allegations, or otherwise investigate any other relevant matter. *Id*. The Court may set aside an entry of default for good cause shown if default judgment has not been entered. Fed. R. Civ. P. 55(c). If default judgment has been entered, then the Court may set it aside in accordance with Fed. R. Civ. P. 60(b) which provides for relief from judgments based on several enumerated grounds.[2] *Id*.

It is apparent from Rule 55 that there are different standards for setting aside entry of default and setting aside a default judgment. The Court considering a motion to set aside entry of default is not limited by the grounds set forth in Rule 60(b) although those grounds may provide guidance to the Court in exercising its discretion to set aside entry of default. *Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986)*. This distinction results in a more lenient standard for setting aside entry of default. *Id.* Stated another way, the Court's discretion is "especially broad" when setting aside entry of default as opposed to

---

[2] Fed. R. Civ. P. 60(b) provides in relevant part that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

**Order - 5**

default judgment. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 946 (9th Cir. 1986). Given that default judgments are generally disfavored, where a defendant seeks timely relief from an entry of default and has a meritorious defense, the preferred course of action is to set aside the entry of default and decide the case on the merits. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). Even where relief from a default *judgment* is sought, "appropriate exercise of district court discretion under Rule 60(b) requires that the finality [of a judgment] interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

Because default judgment has not been entered in this case, the Court has greater latitude in setting aside the entry of default. The Court has reviewed the affidavits and numerous letters and e-mails submitted as exhibits by each party as well as the record itself. It is apparent that the road to settlement had been long and arduous with blame for delay lying on both sides.

Defendant asserts that it had good cause for not filing an answer given various written and verbal agreements that it was not necessary to do so given the ongoing settlement negotiations. Plaintiff does not deny those agreements. Rather, Plaintiff argues that Defendant delayed execution of the Settlement Agreement for

six months and then stopped payment on the royalty check due under the agreement.

A review of the docket itself indicates that Plaintiff did not have Defendant served until three months after the Complaint was filed; that, in the two years between the filing of the Complaint and the Notice of Intent to Take Default, there was minimal activity in the case; and that eight months elapsed between the time of filing the notice of intent to take default and the application for entry of default. Delay occurred again when Plaintiff did not present Defendant's check for payment until three weeks after he received it.

Although stopping payment on the check for the royalty payments may not have been the most prudent exercise of judgment, given the long pattern of conduct of Plaintiff's tolerating delay and the agreement that an answer need not be filed, the appropriate response to the stopped payment was to demand an answer be filed.

### C. Conclusion

Based on the above, the Court will exercise its broad discretion to set aside the entry of default in this matter, direct that the Answer and Counterclaim be deemed filed as of this date, and direct Plaintiff to reply to the Counterclaim. The Court finds that setting aside the entry of default will not prejudice Plaintiff, in part because he would have been required to proceed to a hearing anyway to establish

Order - 7

the elements of infringement and damages before obtaining default judgment.

This case has been pending for three years. Therefore, rather than waiting for Plaintiff to file his reply before setting a telephone scheduling conference as is its practice, the Court will at this time set a telephone scheduling conference for a date after the reply is due. Obviously, the parties are still free to resolve this matter through either the original Settlement Agreement or any new Settlement Agreement. However, the Court will not grant a continuance for filing the reply or a continuance of the scheduling conference based on any pending settlement negotiations. Furthermore, the Court will strictly adhere to the litigation plan adopted at the scheduling conference.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Entry of Default (Docket No. 19) is GRANTED and Motion to Enforce Settlement Agreement (Docket No. 21) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendant's Answer and Counterclaim be deemed filed as of this date, and that Plaintiff shall file a reply to the Counterclaim within twenty (20) days from the date of this Order.

IT IS FURTHER HEREBY ORDERED that, in anticipation of a reply being filed within twenty (20) days from the date of this Order, the Clerk of Court shall

immediately set a time and date for a telephone scheduling conference so as to

avoid further delay.



DATED:  **September 28, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 9**